NORRED LAW, PLLC
Clayton L. Everett
Texas State Bar No. 24065212
515 E. Border Street
Arlington, Texas 76010
(817) 704-3984/clayton@norredlaw.com
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re:<br><br>Mario Demetrius Wooden,<br><br>Debtor | Case No. 26-43805-elm<br><br>Chapter 7 |

**DEBTOR'S MOTION TO DELAY ENTRY OF DISCHARGE AND TO EXTEND TIME TO FILE REAFFIRMATION AGREEMENT**

COMES NOW, Mario Demetrius Wooden ("Debtor"), by and through the undersigned counsel, and moves the Court to delay the entry of discharge and to extend the time to file the reaffirmation agreement between the Debtor and Newrez, LLC ("Creditor"), concerning the Debtor's principal residence located at 1505 Abercorn Lane, Savannah, Texas 76227. The Debtor, pursuant to Federal Rules of Bankruptcy Procedure 4004(c)(2) and 4008(a), and in support thereof states the following:

1. Debtor filed this case under Chapter 7 bankruptcy on August 27, 2026.

2. The first date set for the meeting of creditors under 11 U.S.C. § 341 was on September 29, 2026.

3. The meeting of creditors was continued to October 27, 2026, on which date it was held and concluded.

4. The deadline to object to discharge expires on November 30, 2026, and entry of discharge is otherwise imminent.

5. Debtor's Statement of Intention states his intent to retain his home and reaffirm the mortgage debt owed to the Creditor. Debtor has requested that the Creditor provide a reaffirmation agreement for that purpose, and the Creditor, through its counsel, Padgett Law Group, is preparing the agreement. However, as of the date of this Motion, the reaffirmation agreement has not been received, and the Creditor and Debtor are still in the process of entering into the agreement and need additional time to allow the Creditor time to execute and file the reaffirmation agreement.

6. Under FRBP 4004(c)(2), on motion by the debtors, the court may defer the entry of a discharge order for 30 days and, upon further motion, may defer the entry of the order to a date certain.

7. Accordingly, Debtor requests that the Court delay entry of the Chapter 7 discharge for sixty (60) days, until January 29, 2027. Because the reaffirmation agreement has not yet been received, an initial 30-day deferral is unlikely to allow sufficient time for the agreement to be executed and filed, and Debtor requests that the Court defer entry of discharge to this date certain under Rule 4004(c)(2) in the interest of judicial economy and to avoid the need for a second motion.

8. Under FRBP 4008(a), a reaffirmation agreement must be filed within 60 days after the first date set for the § 341(a) meeting of creditors, and the Court may extend the time to file an agreement at any time. Because the first date set for the meeting of creditors was September 29, 2026, the sixtieth day falls on Saturday, November 28, 2026, and the deadline to file a reaffirmation agreement in this case is therefore Monday, November 30, 2026. See FRBP 9006(a)(1)(C).

9. Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement must be made before the granting of the discharge. So that the time to file the reaffirmation agreement runs together with the requested deferral of discharge, Debtor requests that the Court extend the time to file the

reaffirmation agreement between Debtor and Creditor under FRBP 4008(a) through and including January 29, 2027.

10. This Motion is filed before the current reaffirmation deadline expires. Under FRBP 4004(c)(1)(J), the Court should not enter the discharge while a motion to extend the time to file a reaffirmation agreement under Rule 4008(a) is pending.

11. This request is made in good faith and not for purposes of delay or prejudice to any party.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) delaying the entry of discharge pursuant to Rule 4004(c)(2) until January 29, 2027, and (ii) extending the time to file a reaffirmation agreement between the Debtor and the Creditor pursuant to Rule 4008(a) through and including January 29, 2027, to allow sufficient time for the Creditor to execute and file a reaffirmation agreement regarding the Debtor's principal residence, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Clayton L. Everett
Clayton L. Everett, TX 24065212;
Norred Law, PLLC
515 E. Border St., Arlington, TX 76010
clayton@norredlaw.com
Tel: (817) 704-3984;
Fax: (817) 524-6686
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was served on November 25, 2026, on the parties receiving notice via the Court's CM/ECF system, including the parties below, and on Counsel for Creditor by email and first-class mail as indicated:

*Via CM/ECF to Chapter 7 Trustee*:
Laurie Dahl Rea
300 Throckmorton, Suite 520
Fort Worth, TX 76102

*Via CM/ECF to United States Trustee*:
1100 Commerce Street, Room 976
Dallas, Texas 75242

*Via Email and First-Class Mail to Counsel for Creditor, Newrez LLC dba Shellpoint Mortgage Servicing*:

Padgett Law Group
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
ReaffirmationPLG@padgettlawgroup.com

Hannah Ackley, Esq.
Padgett Law Group
546 Silicon Dr., Suite 103
Southlake, TX 76092
Hannah.Ackley@padgettlawgroup.com

By: __/s/ Clayton L. Everett____